IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DRAPER FRANK WOODYARD,           *
                                 *
     Plaintiff,                  *
                                 *
vs.                              *   CIVIL ACTION NO. 26-00090-KD-B
                                 *
SOUTH BALDWIN HOSPITAL, *et al.*, *
                                 *
     Defendants.                 *

REPORT AND RECOMMENDATION

Plaintiff Draper Frank Woodyard, currently a pretrial detainee confined at the Baldwin County Sheriff's Corrections Center, filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1).  Upon review of the complaint, and for the reasons set forth below, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(g).

I.   BACKGROUND

Plaintiff Draper Frank Woodyard ("Woodyard") is suing South Baldwin Hospital located in Foley, Alabama, eight unnamed hospital staff members, and the hospital's Board of Directors.  (Doc. 1 at 1).  According to Woodyard, he was admitted to South Baldwin Hospital in late March or April of 2024.  (Id. at 1, 3).  Woodyard claims that while a patient at the hospital, he was "viciously attacked by 8 unknown staff members believed to be employed with the entity that is South Baldwin Regional Medical Center or Group."

(Id. at 1).  Woodyard claims that after he requested to film or video record the visit, an unknown female defendant began to use "profanity" and repeatedly struck him "in his face, head, and torso," after which "6 or 7 more" staff members "viciously attacked" him.  (Id.).  Woodyard claims he attempted to leave the room once the attack stopped, but when he turned to retrieve his belongings, he was attacked again.  (Id. at 2).  He claims that after leaving the hospital, police and ambulance took him back to South Baldwin Hospital to be treated for pre-existing and newly sustained injuries, and he was "jumped again" by the same attackers.  (Id.).  Woodyard claims he checked himself out of the hospital and "checked into hospitals in Florida and Mobile, Alabama."  (Id.).  Woodyard is suing the defendants for monetary damages in their individual and official capacities.  (Id. at 3).[1]

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Courts are "obligated to inquire into subject

---

[1] The undersigned notes the striking similarity between Woodyard's complaint allegations and those in Woodyard v. S. Baldwin Hosp., No. CV 25-308-JB-MU, 2025 U.S. Dist. LEXIS 177772, at *3-4, 2025 WL 2817552, at *2 (S.D. Ala. Aug. 19, 2025), report and recommendation adopted, 2025 U.S. Dist. LEXIS 176712, 2025 WL 2817551 (S.D. Ala. Sept. 10, 2025), which was dismissed without prejudice after the Court determined that South Baldwin Hospital, its doctors and nurses, and its Board of Directors were not state actors and were not suable under 42 U.S.C. § 1983.

matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Woodyard brings this suit under 42 U.S.C. § 1983. (See Doc. 1 at 1). Section 1983 provides a cause of action for persons whose rights under the United States Constitution or federal laws have been violated by persons acting under color of state law. See 42 U.S.C. § 1983. The law is clear that § 1983 "erects no shield against merely private conduct, however discriminatory or wrongful." Shelley v. Kraemer*,* 334 U.S. 1, 13 (1948). Thus, essential to establishing a claim under § 1983 is that the alleged constitutional deprivation was committed by a person acting under color of state law. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Here, South Baldwin Hospital, its Board of Directors, and its doctors, nurses, and staff members are not state actors. Nor has Woodyard set forth facts in the complaint to suggest the named defendants arguably should be considered state actors. Instead, all evidence, including an independent internet search conducted by the Court,[2] reflects that South Baldwin Hospital is a private

---

[2] South Baldwin Regional Medical Center (which Plaintiff refers to in his complaint as "South Baldwin Hospital") now operates as Baldwin Health. See Fox10 News, Baldwin Health revealed as new brand for old South Baldwin Regional Medical Center in Foley, https://www.fox10tv.com/2024/10/15/baldwin-health-revealed-new-

(not governmental) entity.  Consequently, for Woodyard to proceed against the hospital and its employees under § 1983, he must show that the defendants' actions are of such character as to render the private entities state actors.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150-52 (1970).  And he has failed to do this. There are no factual allegations which support that South Baldwin Hospital contracted with the State of Alabama to provide medical services.  Indeed, Woodyard's allegations indicate that he was treated at South Baldwin Hospital as a private citizen, not as an inmate brought by jailers.  This is bolstered by his statements that he was admitted to the hospital, not transported by officers; that he possessed a phone at the time of the incident (such that he was able to record the second attack and a portion of the first attack); and that he was able to leave the hospital and go to other hospitals for treatment thereafter.  Accordingly, there is no implication that the hospital and its employees are state actors or were acting under the color of state law at the time the incident alleged in the complaint occurred.  Since the actions about which

---

brand-old-south-baldwin-regional-medical-center-foley/        (last visited Mar. 17, 2026).  It is owned by Foley Hospital Corporation, a subsidiary of Community Health Systems, Inc., a publicly traded operator of hospitals, traded under the ticker symbol CYH on the New York Stock Exchange.  See Securities and Exchange Commission Company   Search,   https://www.sec.gov/edgar/browse/?CIK=1412760 (last visited Mar. 17, 2026); see also Alabama Secretary of State Business         Entity         Records,         https://arc-sos.state.al.us/CGI/CORPNAME.MBR/INPUT (last  visited  Mar.  17, 2026).

Woodyard complains were not committed by a person acting under color of state law, the Court lacks jurisdiction over Woodyard's purported § 1983 suit.  See Thalassinos v. Adair, 2013 U.S. Dist. LEXIS 89593, at *6 n.1, 2013 WL 3231373, at *2 n.1 (S.D. Ala. June 26, 2013) (noting that "even if plaintiff's Complaint could be read as alleging a 1983 claim against the plainly private defendants . . . , such an insubstantial claim could not and would not confer federal jurisdiction").

Defective allegations of jurisdiction generally "may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  However, a court is not required to allow an opportunity to amend to cure a jurisdictional defect in the pleadings where the amendment would be futile.  Crooked Creek Props., Inc. v. Ensley, 660 F. App'x 719, 721 (11th Cir. 2016) (per curiam) (noting that although defective allegations of jurisdiction may be amended pursuant to § 1653, courts may deny a motion to amend on the basis of futility, undue delay, bad faith, undue prejudice to the opposing party, etc.).  Here, given the nature of the relief requested by Woodyard, any attempt to bolster his complaint's jurisdictional allegations would be futile.  Therefore, the undersigned submits that Woodyard should not be given an opportunity to amend his complaint to cure his defective jurisdictional allegations.

Additionally, the docket reflects that when Woodyard filed his complaint, he did not pay a filing fee or file a motion to proceed without prepayment of fees. While it appears that Woodyard was not in custody at the time of the incidents alleged in his complaint, he was a pretrial detainee at the time he filed this civil action. (See Doc. 1). Accordingly, he is subject to the "three strikes" provision in 28 U.S.C. § 1915(g). Under the three strikes provision, a prisoner cannot proceed *in forma pauperis* in a civil action if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court recognizes that Woodyard qualifies as a "three-striker" who is required to pay full filing fee at the time he initiates a "civil action." See 28 U.S.C. § 1915(g); Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); Woodyard v. Bowen, 2025 U.S. Dist. LEXIS 270539, 2025 WL 4033828 (S.D. Ala. Dec. 9, 2025), report and recommendation adopted, 2026 U.S. Dist. LEXIS 5117, 2026 WL 88546 (S.D. Ala. Jan. 12, 2026). Because Woodyard has previously had three strikes under § 1915(g), and he did not pay the filing fee when filing this action, he cannot proceed with this action unless he can show that he "is under imminent danger

of serious physical injury." 28 U.S.C. § 1915(g). Because Woodyard's complaint allegations relate to conduct that is claimed to have occurred in 2024, Woodyard has failed to demonstrate that he faces imminent danger of physical injury or harm. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" at the time of the complaint's filing to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Consequently, Woodyard's complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(g).

### III. CONCLUSION

For the reasons discussed, it is **RECOMMENDED** that Plaintiff Draper Frank Woodyard's complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction and without leave to amend, and pursuant to 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The

7

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **26th** day of **March, 2026.**

                              **/s/ SONJA F. BIVINS**
                         **UNITED STATES MAGISTRATE JUDGE**