IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DRAPER FRANK WOODYARD, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 26-00090-KD-B |
| | ) | |
| SOUTH BALDWIN HOSPITAL, *et al*, | ) | |
|     Defendants. | ) | |

**ORDER**

This action is before the Court on the Motion to Proceed In Forma Pauperis on Appeal filed by Plaintiff Draper Frank Woodyard (doc. 7). Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

I. Background

Woodyard brings this action pursuant to 42 U.S.C. § 1983 against South Baldwin Hospital, "8 unknown staff members" and the "Hospital Board of Directors" (doc. 1). Woodyard claims that he was assaulted by eight members of the hospital staff after he was admitted in March or April 2024. He seeks "monetary relief for various deprivations of rights" and sues the Defendants in their individual and official capacities (Id., p. 1).

The Magistrate Judge entered a Report and Recommendation to dismiss the action without prejudice for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(g). The Magistrate Judge found that South Baldwin Hospital, its Board of Directors, and staff members were not state actors and that Woodyard did not "set forth facts in the complaint to suggest the named defendants arguably should be considered state actors." (doc. 3, p. 3). Because the conduct which formed the basis of Woodyard's Complaint was not committed by a person acting under color of state law, the Magistrate Judge recommended finding that the Court lacked jurisdiction over Woodyard's Section 1983 action. (Id., p. 4-5).

The Magistrate Judge also found that Woodyard had three strikes under 28 U.S.C. § 1915(g), and had not paid the filing fee when he filed his Complaint (Id., p. 6). Thus, he could

not proceed in forma pauperis in this action because he had not shown that he was "under imminent danger of serious physical injury." (Id., quoting 28 U.S.C. § 1915(g)).

The Magistrate Judge recommended dismissal without prejudice. The Court adopted the Report and Recommendation and the action was dismissed without prejudice. Woodyard then filed a notice of appeal and the pending Motion to Proceed In Forma Pauperis on Appeal.

II. Analysis

Title 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure govern the assessment of motions to appeal without prepayment of fees, or in forma pauperis. In relevant part, § 1915(g) states as follows:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Woodyard is a pretrial detainee confined in the Baldwin County Correctional Facility. He qualifies as a "three-striker" who is required to pay a filing fee at the time he initiates an appeal unless he can show that he is "under imminent danger of serious physical injury" as required by § 1915(g). However, Woodyard has not made that showing (doc. 7).

Accordingly, Woodyard's motion is denied. Smith v. Ward, 848 Fed. Appx. 853, 856 (11th Cir. 2021) ("A three-strike prisoner must show he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.") (internal quotations and citation omitted).

DONE and ORDERED this the 12th day of May 2026.

/s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**